37 F.3d 1484
 65 Fair Empl.Prac.Cas. (BNA) 1888
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John PAGLIARINI, Plaintiff, Appellant,
v.
GENERAL INSTRUMENT CORP., Defendant, Appellee.
 No. 94-1681
 United States Court of Appeals,
First Circuit.
 Oct. 20, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge ]
 Frank J. McGee, Joseph P. Hegarty, Jr. and Joseph D. McDonald, Jr. on brief for appellant.
 Wm. Shaw McDermott, Irene C. Freidel and Kirkpatrick & Lockhart on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Boudin, Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff appeals a summary judgment dismissing his complaint. He alleges that defendant company wrongfully terminated his employment because of his age (55 years old) in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et. seq., and parallel state law. The district court held that plaintiff failed to offer minimally sufficient proof to establish a prima facie case, and to rebut defendant's articulated non-discriminatory reason for the employment termination.
 
 
 2
 The undisputed facts showed that plaintiff, an expert in acoustical engineering, was hired as a section manager in the engineering department of defendant's Undersea Systems Division in 1986. His employment was terminated approximately 4-1/2 years later after business setbacks led to an overall reduction in the department's work force.[1] Defendant alleged that the decision to terminate plaintiff's employment was due to the company's immediate financial situation, in that plaintiff's expertise in acoustical theory was not as valuable to its scaled-back business objectives as were the mechanical skills of the employees who were retained.
 
 
 3
 On appeal, plaintiff assigns four errors. First, he challenges the district court's finding that he failed to adduce sufficient proof that during the workforce reduction "defendant did not treat age neutrally, or that younger employees were retained in the same position." Slip op. at 4-6 & n.5 (May 31, 1994) (citing LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993), cert. denied, 114 S. Ct. 1398 (1994), and Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1111 (1st Cir. 1989)). Plaintiff now concedes that this is a correct articulation of a necessary element of his claim. He argues, however, that the court actually applied a different standard in the following passage,
 
 
 4
 The only "fact" [plaintiff] presents in satisfaction of the fourth element of his prima facie case is that [co-employee] DeLara assumed the title of "Acting Manager" of the Department after he was terminated. DeLara however ... is also a member of ADEA's protected class and only two years younger than [plaintiff].
 
 
 5
 The passage clearly consists of a straightforward evaluation of the paucity of plaintiff's proof. There is no support for plaintiff's attempt to twist it into a misapplication of the law. We also see no basis for plaintiff's related argument that the company's retention of a third employee, who was younger than the other two, "arguably" satisfied plaintiff's prima facie case because all three employees were "theoretically doing the same work." Whatever the relevance of this point, it was not specifically urged below, and there is no fault in the court's assessment in light of the proof and arguments presented.
 
 
 6
 We also find no merit in plaintiff's remaining assignments of error. First, the district court did not err in rejecting plaintiff's argument that "by seeking to save the equivalent of Plaintiff's high salary, the Defendant ... did not treat age neutrally." There were no facts suggesting that defendant used plaintiff's salary as a proxy for age discrimination. Indeed, the brevity of plaintiff's employment with defendant, and the substantial disparity between his salary and that of DeLara, who was only two years younger, belie the correlation which plaintiff urges. See Hazen Paper Co. v. Biggins, 113 S. Ct. 1701, 1707 (1993). Second, the district court did not misconstrue the applicability of Hazen, and we apprehend no prejudice to plaintiff in the court's style of editing quotations from the Hazen opinion. Finally, the court did not abuse its discretion in refusing to consider any new facts in plaintiff's out-of-time "supplemental memorandum," and in any event, plaintiff points to no prejudice from the court's ruling.
 
 
 7
 Reviewing the district court's order de novo, and finding no substantial question for review, the judgment below is summarily affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 There had been an earlier round of layoffs in the Division, which did not affect the engineering department. In this round, eleven engineering employees were laid off: six were older than the age of forty, and five were younger. The Division was later sold to another company